J-S21022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL RILEY | : | |
| | : | |
| Appellant | : | No. 1818 EDA 2020 |

Appeal from the PCRA Order Entered August 28, 2020,
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006088-2012

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 2, 2022**

Appellant, Daniel Riley, appeals from the August 28, 2020 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. This case returns to us after our Supreme Court vacated this Court's original order of October 20, 2021, and remanded the matter for our reconsideration in light of **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).[1] We vacate the August 28, 2020 order and remand this case in accordance with this memorandum.

We previously summarized the procedural history as follows:

On September 16, 2015, following a jury trial, Appellant was convicted of one count each of first-degree murder (18 Pa.C.S.A.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Commonwealth v. Riley**, 2021 WL 4889254 (Pa. Super. Oct. 20, 2021) (unpublished memorandum); **see also Commonwealth v. Riley**, 2022 WL 1153274 (Pa. Apr. 19, 2022) (*per curiam* order) (slip copy).

§ 2502), conspiracy to commit robbery (18 Pa.C.S.A. § 903), robbery (18 Pa.C.S.A. § 3701), carrying a firearm on a public street in Philadelphia, Pennsylvania (18 Pa.C.S.A. § 6108), and possessing an instrument of crime (18 Pa.C.S.A. § 907). Appellant was jointly tried with his co-defendant. The trial court immediately imposed the mandatory sentence of life in prison for the murder charge pursuant to 18 Pa.C.S.A. § 1102(a)(1). Appellant filed post-sentence motions, which the trial court denied on December 22, 2014. Appellant was represented at trial by Robert Dixon, Esquire.

On April 26, 2016, [this Court] affirmed Appellant's judgment of sentence. On August 22, 2016, [our] Supreme Court denied Appellant discretionary review. Appellant subsequently filed a *pro se* PCRA petition on March 27, 2017. Benjamin Cooper, Esquire was appointed to represent Appellant on August 21, 2017. However, Todd M. Mosser, Esquire ("Attorney Mosser"), whom Appellant retained as private counsel, entered his appearance on behalf of Appellant on January 23, 2018. Attorney Mosser was assisted in his representation of Appellant by Catherine Hockensmith, Esquire ("Attorney Hockensmith").

On July 12, 2018, Attorney Mosser filed a counseled amended PCRA petition raising two claims: 1) that trial counsel was ineffective for failing to investigate and call *alibi* witnesses; and 2) that the admission of [Appellant's] non-testifying co-defendant's redacted statement violated the Confrontation Clause. On May 24, 2019, Attorney Mosser, with leave of court, [further] amended the PCRA petition, raising the same two claims, but modifying the attorney certification regarding *alibi* witnesses that accompanied the petition.

On June 27, 2019, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without an evidentiary hearing ("Rule 907 Notice") for the following reasons: 1) as to Appellant's first issue, Appellant failed to include certifications for his proffered *alibi* witnesses; and 2) as to Appellant's second issue, the same Confrontation Clause claim had been previously litigated in Appellant's direct appeal.

On July 17, 2019, Appellant filed an objection to the Rule 907 Notice, requesting to amend his petition once again to cure the witness certification defect regarding his *alibi* witness claim.[FN1] Appended to [Appellant's proposed second amended PCRA] petition was a signed "declaration" of a proffered *alibi* witness,

- 2 -

Appellant's brother's paramour, who was one of four *alibi* witnesses that Appellant claimed trial counsel neglected to investigate and call as witnesses during his trial. No other certifications from other *alibi* witnesses were provided.

[Footnote 1] Although a second amended PCRA petition was attached to Appellant's [response to the PCRA court's] Rule 907 Notice, the PCRA court never granted counsel's request to file the second amended PCRA petition.

In response to Appellant's objection to the Rule 907 Notice, the PCRA court granted an evidentiary hearing on the sole claim that trial counsel was ineffective for failing to call Appellant's brother's paramour as an *alibi* witness. The hearing was originally scheduled for April 3, 2020, but due to the COVID-19 global pandemic, it was rescheduled for September 17, 2020. However, at a final pre-hearing conference on August 28, 2020, which was held to ensure that all parties would be ready to proceed with the evidentiary hearing, Attorney Hockensmith advised the PCRA court that the potential *alibi* witness [(Appellant's brother's paramour)] would not testify at the evidentiary hearing, and that Appellant was withdrawing the witness certification for that witness. Because no witness certifications for any other *alibi* witnesses had been provided, the PCRA court dismissed the PCRA petition and cancelled the September 17, 2020 evidentiary hearing.

On September 23, 2020, Appellant filed a notice of appeal.[FN2] The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Appellant filed his Rule 1925(b) statement on November 18, 2020, and the PCRA court subsequently filed its Rule 1925(a) opinion.

[Footnote 2] A review of the PCRA court docket statement demonstrates that on September 23, 2020, Attorney Mosser electronically filed a motion to withdraw as counsel for Appellant. That same day, Attorney Mosser also electronically filed a second document that was incorrectly identified as Appellant's notice of appeal. This second document was, in fact, a duplicate copy of Attorney Mosser's motion to withdraw as counsel for Appellant. In a March 26, 2021 *per curiam* order, this Court issued a rule to show cause why Appellant's appeal should not be quashed for failure to file a timely notice of appeal. In an April 4, 2021

- 3 -

response to the rule to show cause order, Appellant's [new PCRA] counsel, Teri B. Himebaugh, Esquire ("Attorney Himebaugh") averred that Attorney Mosser inadvertently attached the wrong document when he electronically filed the duplicate motion to withdraw that was inaccurately identified as Appellant's notice of appeal. Attorney Himebaugh stated that the Clerk of Courts for the Court of Common Pleas of Philadelphia County notified Attorney Mosser in January 2021, regarding the incorrect filing. Upon submitting a copy of the notice of appeal, Attorney Mosser understood that the filing error would be corrected by the Clerk of Courts. In an April 16, 2021 *per curiam* order, this Court discharged the rule of show cause and referred the issue to the merits panel.

This Court has long-held that,

> while the Prothonotary, or the Clerk of Courts, must inspect documents that are sent for filing to ensure they are in the proper form, the power to reject such documents is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum.

> ***Commonwealth v. Alaouie***, 837 A.2d 1190, 1193 (Pa. Super. 2003) (citation omitted). Here, the Clerk of Courts accepted Attorney Mosser's electronic filing, which was inaccurately identified as a notice of appeal, on September 23, 2020, but did not contact Attorney Mosser until January 2021, to advise that the notice of appeal was inadvertently omitted from counsel's filing. We find that the Clerk of Courts' failure to promptly notify Attorney Mosser about his errant filing constituted a breakdown of the judicial system. Upon contact, Attorney Mosser provided the Clerk of Courts with a copy of the notice of appeal, which the Clerk of Courts accepted and dated as having been filed on September 23, 2020. Under these circumstances, we discern no basis upon which to disturb the [PCRA] court's determination that Attorney Mosser's attempt to file a notice of appeal on September 23, 2020, perfected this appeal.

***Riley***, 2021 WL 4889254, at *1-*2 (record citation, original formatting, and original brackets omitted).

On October 20, 2021, this Court affirmed the August 28, 2020 order dismissing Appellant's PCRA petition.[2] *Id.* at *1. In so affirming, this Court held that: (1) Appellant waived his claim of ineffective assistance of trial counsel for failure to call Appellant's brother and uncle as potential *alibi* witnesses at trial because Appellant failed to assert a viable claim before the PCRA court and could not raise such a claim for the first time on appeal; and (2) under the then-current state of the law Appellant could not raise a claim challenging the performance of original PCRA counsel for the first time on appeal. *Id.* at *5, *citing* **Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004), and *6, *citing* **Commonwealth v. Shaw**, 247 A.3d 1008, 1016 (Pa. 2021). Appellant subsequently filed a petition for allowance of appeal with our Supreme Court. Our Supreme Court granted Appellant's petition for allowance of appeal and vacated our October 20, 2021 order affirming the dismissal of Appellant's PCRA petition. **Riley**, 2022 WL 1153274, at *1. Our

---

[2] On appeal, Appellant raised the following issues for our review:

1.     Were Appellant's constitutional rights under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution violated by trial counsel's ineffective failure to investigate and call *alibi* witnesses, namely Appellant's brother and his uncle, to testify at Appellant's trial?

2.     Did PCRA counsel ineffectively fail to obtain statements from these available witnesses thereby causing the PCRA court to dismiss the petition asserting the underlying claim without a hearing?

**Riley**, 2021 WL 4889254, at *3 (brackets omitted).

Supreme Court remanded this case to this Court for reconsideration of our disposition of Appellant's claim of ineffective assistance of original PCRA counsel in light of **Commonwealth v. Bradley**, 261 A.3d 381 (2021).[3]  **Riley**, 2022 WL 1153274, at *1.

On remand, Appellant raises the following issue for our review:

Was PCRA counsel ineffective pursuant to [**Bradley**, **supra**,] for failing to properly present a claim during the PCRA proceedings that trial counsel was ineffective in relation to investigating and calling *alibi* witnesses?

Appellant's Brief at 3 (original formatting and extraneous capitalization omitted).

In addressing Appellant's issue, we are mindful of our well-settled standard and scope of review of a PCRA court's dismissal of a PCRA petition. Proper appellate review of a PCRA court's dismissal of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).  "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).  "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support

_____

[3] We note that our Supreme Court's decision in **Bradley**, **supra**, was handed down on October 20, 2021, the same date that this Court affirmed the order denying Appellant's PCRA petition in the case *sub judice*.

- 6 -

a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Appellant's issue raises a claim for ineffectiveness of original PCRA counsel, Attorney Mosser, for failure to attach to the amended PCRA petition declarations from Appellant's brother and uncle that satisfied the requirements of 42 Pa.C.S.A. § 9545(d)(1)(i).[4] Appellant's Brief at 23-27.

---

[4] When a petitioner requests an evidentiary hearing, Section 9545(d)(1) states,

**(d) Evidentiary hearing**.--

(1) The following apply:

(i) Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth[,] and substance of testimony and shall include any documents material to that witness's testimony.

(ii) If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth[,] and substance of testimony. *In lieu* of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the Commonwealth. The certification under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature. Nothing in this subparagraph shall be construed to contravene any

- 7 -

Implicit in Appellant's ineffectiveness claim is the allegation that Attorney Mosser was also ineffective for failing to plead in the amended PCRA petition the substantive elements needed to support a claim that trial counsel was ineffective for failing to investigate and call Appellant's brother and uncle as potential *alibi* witnesses at trial.

Preliminarily, we must address whether Appellant is permitted to raise a claim challenging the performance of original PCRA counsel for the first time on appeal. Recently, our Supreme Court in **Bradley**, **supra**, held that "after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, [a petitioner may] raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."[5] **Bradley**, 261 A.3d at 401 (footnote omitted). The **Bradley** Court recognized that "a petitioner has a rule-based right to the appointment of counsel for a first PCRA petition" and, with that

---

applicable attorney-client privilege between the petitioner and postconviction counsel.

**(iii) Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.**

42 Pa.C.S.A. § 9545(d)(1) (emphasis added).

[5] Prior to our Supreme Court's decision in **Bradley**, **supra**, "the sole method by which a petitioner [could] challenge the ineffectiveness of his PCRA counsel [was] through the filing of a response to the PCRA court's [Pa.R.Crim.P.] 907 dismissal notice." **Bradley**, 261 A.3d at 386. Finding this Rule 907 procedure to be "deeply flawed," the **Bradley** Court explicitly "abandon[ed the] Rule 907 approach as the sole procedure for challenging PCRA counsel's effectiveness." **Id.** at 401.

right, he is "entitled to the effective assistance of counsel." *Id.* at 391-392 (stating, "[t]he guidance and representation of an attorney during collateral review ensures that meritorious legal issues are recognized and addressed, and that meritless claims are abandoned"). In balancing a petitioner's right to effective assistance of counsel and society's interest in the efficient and final conclusion of criminal matters, our Supreme Court held that permitting "a petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity when represented by new counsel, even if on appeal, while not an ideal solution, accommodates these vital interests." *Id.* at 401. The *Bradley* Court further stated that a claim of PCRA counsel ineffectiveness raised for the first time on collateral appeal did not violate the PCRA one-year jurisdictional time-bar because such a claim of PCRA counsel ineffectiveness "sprang" from the original, timely PCRA petition and did not constitute a second or subsequent petition. *Id.* at 402, 404 (rejecting "the notion that considering ineffectiveness claims on collateral appeal constitutes a prohibited serial petition, violating the PCRA's one-year [jurisdictional] time bar" (footnote omitted)).

To reiterate, on September 16, 2015, the trial court sentenced Appellant to a mandatory term of life in prison. This Court affirmed Appellant's judgment of sentence on April 16, 2016, and our Supreme Court denied Appellant's petition for allowance of appeal on August 22, 2016. Appellant did not file a petition for *writ* of *certiorari* with the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on November 21, 2016, upon

expiration of the period of time for seeking discretionary review with the United States Supreme Court. U.S. Sup. Ct. R. 13(1) (stating, "A petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); ***see also*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

Appellant's court-appointed PCRA counsel filed a PCRA petition on March 27, 2017. Because Appellant filed his first PCRA petition within one year of his judgment of sentence becoming final, his petition was timely filed. As such, Appellant is permitted to raise a claim challenging original PCRA counsel's ineffectiveness for the first time on collateral appeal because he is currently represented by new PCRA counsel, *to-wit* Attorney Himebaugh, and his claim springs from a timely PCRA petition. ***Bradley***, 261 A.3d at 401, 404.

In addressing Appellant's claim of original PCRA counsel's ineffectiveness, we are mindful that "[i]t is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012), *citing* ***Strickland v. Washington***, 466 U.S. 668, 687-691 (1984).

In order to plead and prove a claim of ineffective assistance of counsel, a petitioner

> must establish that the issue underlying the claim of ineffectiveness has arguable merit, that [] counsel's act or omission was not reasonably designed to advance the interests of the [petitioner], and that the [petitioner] was prejudiced - that is, but for counsel's errors, the outcome of the proceeding would have been different.

***Bradley***, 261 A.3d at 390 (citation omitted). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). In a layered claim of ineffectiveness in which a petitioner challenges PCRA counsel's ineffectiveness to assert a claim of trial counsel's ineffectiveness, the ineffectiveness of trial counsel is the "arguable merit" prong of the three-part ineffective assistance of counsel test. ***Commonwealth v. Reyes***, 870 A.2d 888, 896 (Pa. 2005) (stating that, proving the three-part ineffectiveness test as to trial counsel established the arguable merit prong as to PCRA counsel's ineffectiveness); ***see also Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022) (stating, "[w]here a petitioner alleges multiple layers of ineffectiveness, he[, or she,] is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation").

The first layer of Appellant's claim is that trial counsel was ineffective for failing to interview and to call, at trial, three *alibi* witnesses, namely Appellant's brother, his uncle, and his brother's paramour. Appellant's Brief

at 16.  Appellant contends that he informed trial counsel that he was not present at the location of the shooting incident.  *Id.* at 15.  He further avers that he provided trial counsel with the names and contact information of the three aforementioned potential *alibi* witnesses, each of whom could corroborate that Appellant was at home on the night of the incident.  *Id.* at 15-16.  Appellant argues that trial counsel was ineffective for failing to interview the three potential *alibi* witnesses and to call these witnesses at trial. *Id.* at 16.

The second layer of Appellant's claim is that original PCRA counsel was ineffective for failing "to properly plead in the amended PCRA petition a claim that trial counsel was ineffective for failing to both investigate and call Appellant's brother and uncle [] as potential *alibi* witnesses at trial."  *Id.* at 25-26 (extraneous capitalization and emphasis omitted).  In asserting this contention, Appellant relies on this Court's prior statement that,

> Although Appellant stated in his amended PCRA petition that he provided the names of his brother and his uncle to trial counsel as potential *alibi* witnesses, Appellant did not specifically aver that trial counsel's failure to call these two individuals as witnesses at trial constituted ineffective assistance.  In other words, Appellant's amended PCRA petition did not plead the necessary substantive elements giving rise to an ineffectiveness claim for failure to call his brother or uncle as potential witnesses.  Specifically, Appellant did not assert that either his brother or his uncle was available at the time of trial, that either individual was willing to testify on Appellant's behalf, or that the absence of either individual's testimony was prejudicial.
>
> . . .
>
> Because the amended PCRA petition failed to assert a viable claim for ineffective assistance based upon trial counsel's failure to call

- 12 -

Appellant's brother and uncle as potential *alibi* witnesses at trial,[FN5] Appellant cannot assert this claim for the first time on appeal. Consequently, Appellant waived this ineffectiveness claim, and we may not review it on appeal.

> [Footnote 5] Moreover, the amended PCRA petition did not include a certification signed by Appellant's brother or his uncle, or a certification signed by, *inter alia*, Attorney Mosser, setting forth the witnesses' names, addresses, dates of birth, and the substance of their proposed testimony. Therefore, any testimony by these individuals would have been inadmissible at an evidentiary hearing on Appellant's PCRA petition.

*Riley*, 2021 WL 4889254, at *4 (citations and footnote omitted). In light of this Court's prior statement, Appellant avers that original "PCRA counsel was ineffective for failing to obtain the necessary information from [Appellant's brother and uncle] to enable [original PCRA counsel] to draft and file witness certifications and to amend the PCRA petition to cure any defects."[6] Appellant's Brief at 28-29 (footnote omitted). Appellant requests that this Court remand the case to the PCRA court for an evidentiary hearing on Appellant's layered ineffectiveness claim. *Id.* at 35.

"Neglecting to call a witness differs from failing to investigate a witness in a subtle but important way." *Commonwealth v. Stewart*, 84 A.3d 701, 712 (Pa. Super. 2013), *appeal denied*, 93 A.3d 463 (Pa. 2014). "A claim that

---

[6] In his appellate brief to this Court, Appellant set forth a summary of the substance of his brother's and uncle's potential exculpatory testimony. Appellant's Brief at 16-21. We further note that Appellant attached copies of the investigative interviews of Appellant's brother and uncle, which were signed and affirmed by the brother and uncle, as exhibits to his appellate brief. *Id.* at Exhibits RR2-RR12.

trial counsel did not conduct an investigation or interview known witnesses presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." *Stewart*, 84 A.3d at 712. Moreover, "it can be *per se* unreasonable for [a] defense attorney to conduct no investigation into known witnesses[.]" *Commonwealth v. Maldonodo*, 173 A.3d 769, 783 n.10 (Pa. Super. 2017) (*en banc*) (stating, "effective assistance of counsel requires a lawyer to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary" (original quotation marks omitted)), *appeal denied*, 182 A.3d 991 (Pa. 2018); *see also Stewart*, 84 A.3d at 712 (stating, "failure to prepare is not an example of forgoing one possible avenue to pursue another approach; it is simply an abdication of the minimum performance required of defense counsel" (citations, original quotation marks, and brackets omitted)).

> [T]he value of [an] interview [of a potential *alibi* witness] is to inform [trial] counsel of the facts of the case so that he[, or she,] may formulate strategy. Perhaps, after questioning these [potential] witnesses, [trial] counsel may have concluded that the best strategy was not to call them[.] However, no such claim of strategy can be attached to a decision not to interview or make an attempt to interview [potential *alibi* witnesses] prior to trial.

*Stewart*, 84 A.3d at 713, *quoting Commonwealth v. Mabie*, 359 A.2d 369, 374-375 (Pa. 1976). In other words, if a petitioner pleads and proves that trial counsel did not investigate and interview known witnesses, the petitioner satisfied the "arguable merit" and "reasonable basis" prongs of the three-part test for ineffectiveness. As for the final element of the three-part test for

ineffectiveness, a petitioner is required to show prejudice; *i.e.*: but for trial counsel's error, the outcome of the proceeding would have been different. *Stewart*, 84 A.3d at 712.

In contrast, "[a] failure to call a witness is not *per se* ineffective assistance of counsel for such [a] decision usually involves matters of trial strategy." *Commonwealth v. Matias*, 63 A.3d 807, 811 (Pa. Super. 2013) (citation omitted), *appeal denied*, 74 A.3d 1030 (Pa. 2013). To establish ineffectiveness for failing to call a potential witness to testify at trial, the petitioner must prove that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial

*Id.* at 810-811 (citations omitted). To establish prejudice, the petitioner "must show how the [potential witness's] testimony would have been beneficial under the circumstances of the case" and "helpful to the defense" such that the absence of the testimony denied the petitioner a fair trial. *Id.* at 811 (citation omitted); *see also Commonwealth v. Chmiel*, 889 A.2d 501, 546 (Pa. 2005) (holding, "[t]rial counsel's failure to call a [potential witness] does not constitute ineffective assistance without some showing that the [potential] witness'[s] testimony would have been beneficial or helpful in establishing the asserted defense"), *cert. denied*, 549 U.S. 848 (2006). In other words, a petitioner pleads and proves an ineffectiveness claim for failure

to call a witness at trial when the petitioner establishes, *inter alia*, that no reasonable trial strategy could have supported the decision to withhold the witness at trial and the absence of the witness testimony denied the petitioner a fair trial.

In the instant case, the PCRA court did not conduct an evidentiary hearing because "there were no proffered *alibi* witnesses who could have lawfully testified at a hearing" in support of Appellant's claim that trial counsel was ineffective for failing to investigate and to call certain *alibi* witnesses. PCRA Court Opinion, 12/15/20, at 8. The PCRA court explained that it dismissed Appellant's petition without a hearing because Appellant failed to provide witness certifications pursuant to Section 9545(d)(1) as part of his PCRA petition and, as such, the potential *alibi* witnesses were barred from offering testimony in support of Appellant's claim. **Id.** at 7, *citing* **Commonwealth v. Brown**, 767 A.2d 576, 583 (Pa. Super. 2001). The PCRA court noted that while Appellant submitted a witness certification for his brother's paramour and an evidentiary hearing was initially scheduled for the purpose of taking this person's testimony, the evidentiary hearing was ultimately cancelled when original PCRA counsel withdrew the witness certification at a pre-hearing conference. PCRA Court Opinion, 12/15/20, at 7-8. The PCRA court concluded that because Appellant was unable to provide evidence in support of this ineffective assistance of trial counsel claim, and in particular he was unable to provide the testimony of potential *alibi* witnesses, Appellant was unable to satisfy the three-part ineffectiveness test. **Id.** at 5-8.

As such, the PCRA court dismissed Appellant's ineffectiveness of trial counsel claim as being without merit. *Id.* at 8.

This case presents a unique circumstance in which this Court, in order to review the dismissal of Appellant's ineffectiveness of original PCRA counsel claim, must examine whether the underlying claim – the ineffectiveness of trial counsel for failure to investigate and call two potential *alibi* witnesses (Appellant's brother and his uncle) – satisfied the three-part ineffectiveness test. Based upon the current record, and specifically in the absence of an evidentiary hearing, we are unable to review Appellant's claim. As our Supreme Court in *Bradley*, *supra*, recognized, when allegations of PCRA counsel's ineffectiveness are raised for the first time on appeal, an appellate court "may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." We find that development of the record in the case *sub judice* is necessary to provide Appellant, in the interest of fairness and justice, an opportunity to plead and prove his ineffectiveness claim.

Therefore, we vacate the August 28, 2020 order denying Appellant's PCRA petition and remand this case to the PCRA court so that current PCRA counsel may file an amended PCRA petition that, *inter alia*, complies with Section 9545(d)(1) and sets forth a viable ineffectiveness claim.[7] Thereafter

---

[7] In its appellate brief, the Commonwealth advocates for the remand of the case *sub judice* to provide Appellant "an opportunity to carry his burden of

the PCRA court shall conduct an evidentiary hearing for the purpose of considering Appellant's underlying claim of ineffectiveness of trial counsel.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/2/2022

---

proving that [original] PCRA counsel was ineffective for not properly presenting a claim that trial counsel was ineffective for not calling [Appellant's] brother and uncle as [potential] *alibi* witnesses [at trial].  Commonwealth's Brief at 4.